JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-05636-RGK (JPRx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | *TERESA ALONZO, et al v. CITY OF LOS ANGELES, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Warner Bros.s: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**    **(IN CHAMBERS) Order re: Defendant's Motion to Dismiss (DE 69)**

## I.   INTRODUCTION

On July 21, 2014, Teresa Alonzo ("Plaintiff") filed this action against the City of Los Angeles ("Defendant"), alleging violations of the Fair Labor Standards Act in connection with Plaintiff's employment with Defendant.

Presently before the Court is Defendant's Motion to Dismiss (the "Motion") pursuant to Federal Rules of Civil Procedure ("Rules") 37(b) and 41(b) on the ground that Plaintiff failed to comply with the Court's discovery order. For the following reasons, the Court **GRANTS** the Motion.

## II.   FACTUAL BACKGROUND

On July 21, 2014, Plaintiff filed a Complaint against Defendant. On December 23, 2014, Defendant served Plaintiff with interrogatories, document requests, and requests for admission. Plaintiff never served responses to Defendant's interrogatories and document requests, and served evasive and inadequate responses to Defendant's requests for admission. In addition, Plaintiff failed to appear for a deposition.

On April 7, 2015, Defendant filed a Motion to Compel Plaintiff's deposition and responses to discovery requests, stating that Plaintiff's counsel had indicated that he could not say whether Plaintiff would ever comply with her discovery obligations. On May 6, 2015, the magistrate judge in this action granted Defendant's Motion to Compel, ordering Plaintiff to provide written responses to discovery requests and appear for a deposition on or before the discovery cut-off, May 20, 2015 (the "Discovery

Order"). (Order Granting Def.'s Mot. to Compel Interrogs., ECF No. 64.)

On May 21, 2015, Defendant filed a Joint Stipulation for Dismissal and Request for Court Approval. On May 27, 2015, the Court denied the stipulation and proposed order, stating that "[c]ounsel may file a dismissal pursuant to [Rule] 41(a), or file a properly noticed motion to dismiss." (Order Den. Joint Stipulation to Dismiss, ECF No. 67.)

As of June 29, 2015, Plaintiff has neither provided written responses to discovery requests nor appeared for a deposition. A jury trial is scheduled to begin on August 18, 2015.

## III.  JUDICIAL STANDARD

Rule 37(b)(2)(A) provides that a court may sanction a plaintiff by dismissing the action if that plaintiff "fails to obey an order to provide or permit discovery." Furthermore, under Rule 41(b), a court may dismiss an action based on a plaintiff's failure to comply with a court order. "Dismissal, however, is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citations and internal quotation marks omitted). Once the court finds that the plaintiff's failure is due to willfulness, bad faith, or fault, it must weigh the following factors (the "*Malone* factors") to determine whether dismissal is an appropriate sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (alteration in original) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## IV.  DISCUSSION

Defendant argues that the Court should dismiss this action because Plaintiff failed to comply with the Discovery Order. For the following reasons, the Court **GRANTS** Defendant's Motion.

When a court imposes a sanction of dismissal for a plaintiff's failure to comply with a discovery order, the plaintiff's noncompliance must be due to willfulness, bad faith, or fault. *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted).

Here, Plaintiff did not oppose the Motion and has not shown that her disobedient conduct was outside her control. Therefore, the Court finds that Plaintiff's failure to comply with the Discovery Order was due to fault. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1168 (9th Cir. 1994) (holding that district court did not abuse its discretion in finding party at fault and in imposing sanctions, where party did not submit affidavits supporting its excuse for failing to appear at depositions).

Accordingly, the Court now considers the *Malone* factors to determine whether dismissal is appropriate. Where a court order is violated, the first two factors – the public's interest in expeditious resolution and the court's need to manage its docket – support dismissal, and the fourth factor – the policy favoring disposing of cases on their merits – weighs against dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). But the fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Therefore, the decisive factors are the third – prejudice to the party seeking sanctions – and the fifth – the availability of less drastic sanctions. *Adriana Int'l Corp.*, 913 F.2d at 1412.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* A party's failure to produce documents in discovery is sufficient prejudice. *Id.*

Here, Plaintiff failed to produce documents which are necessary for Defendant to adequately litigate this case. Therefore, Plaintiff's failure to comply with the Discovery Order has prejudiced Defendant, and the third factor weighs in favor of dismissal.

In weighing the fifth factor, a district court need not explicitly discuss the availability of alternative sanctions. *Malone*, 833 F.2d at 132. "[A] judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

Here, the Discovery Order warned Plaintiff that "if the lawsuit remains pending by the end of discovery and Plaintiff has still not provided any, then terminating sanctions would seem to be appropriate." (Order Granting Def.'s Mot. to Compel Interrogs., at 2.) Accordingly, the fifth factor weighs in favor of dismissal.

Because the first, second, third, and fifth *Malone* factors weigh in favor of dismissal, and the fourth factor does not weigh heavily against dismissal, the Court finds that dismissal is an appropriate sanction for Plaintiff's failure to comply with the Discovery Order.

## V.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**.

        :        

Initials of Preparer